**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| J & J Sports Productions, Inc., | ) | |
| | ) | **C/A No.: 6:12-cv-2501-TMC** |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER FOR JUDGMENT** |
| | ) | **BY DEFAULT** |
| Guadalajara East North LLC d/b/a Guadalajara | ) | |
| Mexican Restaurant and Florencio M. Rodriguez | ) | |
| a/k/a Florencio M. Rodrigues a/k/a Larry | ) | |
| Rodriguez a/k/a Florencio Rodriguez Macias, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, J & J Sports Productions, Inc. ("Plaintiff"), which had exclusive, nationwide commercial television distribution rights to *Manny Pacquiao v. Shane Mosley, WBO World Welterweight Championship Fight Program*, ("the Program"), sued Guadalajara East North LLC d/b/a Guadalajara Mexican Restaurant ("Guadalajara"), and its principal, Florencio M. Rodriguez a/k/a Florencio M. Rodrigues a/k/a Larry  Rodriguez a/k/a Florencio Rodriguez Macias ("Rodriguez") (collectively "Defendants") for exhibiting the May 7, 2011, commercial broadcast of the Program, which included under-card bouts and commentary, without paying the required licensing fee to Plaintiff.  Plaintiff's Complaint included causes of action brought pursuant to 47 U.S.C. § 605 ("Communications Act") and 47 U.S.C. § 553 ("Cable & Television  Consumer Protection and Competition Act"), as well as a state law claim for conversion.  Although Defendants were properly served with the Complaint, they have not answered or filed any responsive pleading. Pursuant to Plaintiff's request, the Clerk of Court entered  a default against Defendants, and Plaintiff then moved for a default judgment and award of attorneys' fees and other costs.

1

I.    Introduction

Plaintiff filed this action against Defendants on August 30, 2012, seeking an award of statutory damages, enhanced damages, attorneys' fees and costs, as well as compensatory and punitive damages based on the unlicensed broadcast of the Program.

  A.    Jurisdiction and Venue

The court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.  The court has personal jurisdiction over Defendants, and venue in this District is proper pursuant to 28 U.S.C. § 1391 because Rodriguez is a South Carolina resident and Guadalajara is a South Carolina corporation, which conducts, or conducted, business in this District, and because the alleged wrongful acts occurred in this District.

  B.    Process and Service

On September 12, 2012, Plaintiff's private process server served Guadalajara, by serving its registered agent, and served Rodriguez personally.

  C.    Grounds for Entry of Default

Neither Guadalajara nor Rodriguez timely filed an answer or other pleading, as reflected by the Affidavit of Default and the Affidavit of Plaintiff's Counsel in Support of Request for Entry of Default filed on October 10, 2012.  The Clerk of Court properly entered default as to Defendants on October 10, 2012.  On October 22, 2012, Plaintiff filed a Notice of Motion and Motion for Default Judgment, a copy of which it also served upon Defendants by mail on said date.

II.    Findings of Fact

Having reviewed Plaintiff's Complaint, Answers to Local Rule 26.01 Interrogatories, Request for Entry of Default, Motion for Default Judgment, as well as all supporting and supplemental information provided, the court accepts Plaintiff's well-pleaded factual allegations as true and makes

the following factual findings. See *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.1 (4th Cir. 2009) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3D 778, 780 (4th Cir. 2001)).

Plaintiff is a California corporation with its principal place of business in Campbell, California. Guadalajara is a South Carolina corporation that does (or did) conduct business as Guadalajara Mexican Restaurant located at 3715 East North Street, Greenville, South Carolina 29615-2302. Rodriguez resides in Greenville, South Carolina.

Relevant to this litigation, Plaintiff paid for, and was granted the exclusive nationwide commercial television distribution rights to the Program. Plaintiff contracted with and granted certain businesses the rights to exhibit publicly the Program to its customers within their commercial establishments. Plaintiff expended substantial money in marketing, advertising, administering and transmitting the Program to such businesses.

III.    Analysis

Having found the facts set forth in Plaintiff's Complaint as deemed admitted by default, the court must ensure the Complaint sets forth a proper claim before entering default judgment. See *GlobalSanta Fe Corp. v. Globalsantafe.com*, 250 F.Supp.2d 610, 612 n.3 (E.D. Va. 2003) (considering facts and evaluating Plaintiff's claims prior to entry of default judgment in copyright action). The court considers whether Plaintiff has set forth claims for which relief can be granted pursuant to the standard of Fed.R.Civ.P. 12(b)(6).

A.    Election of Remedies

In its Motion for Default Judgment and accompanying Memorandum, Plaintiff submits that

it has established liability pursuant to 47 U.S.C. § 605 and 47 U.S.C. § 553; and because the two statutory schemes provide relief for the alternate means by which the Program might have been received (satellite or cable), Plaintiff has elected to proceed under 47 U.S.C. § 605.

The Plaintiff's election of remedies also extends to its cause of action for conversion, which is also withdrawn provided that it prevails under 47 U.S.C. § 605.

In electing to pursue damages pursuant to 47 U.S.C. § 605, Plaintiff has conceded the split in authority as to the applicability of this section to pirated programming involving cable services--as opposed to satellite services--at the delivery point, and it has submitted that, without the benefit of discovery or an admission by Defendants, it is impossible to determine whether the Program was broadcast by cable or satellite signal. The court recognizes that 47 U.S.C. § 605 would be inapplicable if the delivery were by cable; however, given the default, Plaintiff cannot conduct discovery to determine the mode of transmission.

A higher range of damages is available in 47 U.S.C. § 605 than in 47 U.S.C. § 553. Statutory damages under 47 U.S.C. § 605 range from $1,000 to $10,000 for each violation with a $100,000 maximum enhancement for willfulness, while statutory damages under 47 U.S.C. § 553 range from $250 to $10,000 for all violations with a $50,000 maximum enhancement for willfulness. 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and 605(e)(3)(C)(ii); 47 U.S.C. §§ 553(c)(3)(A)(ii) and 553(c)(3)(B). In any event, in light of the damages awarded herein, the distinction is without a difference in this case. See *Columbia Cable TV Co., Inc. v. McCrary*, 954 F.Supp. 124, 128 (D.S.C. 1996) (noting that, even if 47 U.S.C. § 605 were applicable to cable theft, under facts of case, court would award damages "as close as permissible to the amount awarded under § 553").

In its Motion for Default Judgment, Plaintiff seeks damages under both 47 U.S.C. § 605 and its common law claim for conversion. Upon its being required to elect between the two remedies,

the Plaintiff subsequently elected to pursue damages permitted under 47 U.S.C. § 605 and not to

pursue its conversion claim.  As such, the remainder of this Order focuses only on Plaintiff's claim

and damages pursued under 47 U.S.C. § 605.

B.    Liability under 47 U.S.C. § 605

The Communications Act prohibits the unauthorized reception, interception, publication, or

divulgence of interstate radio or wire communications.  See 47 U.S.C. § 605(a).  Specifically, it

provides, in pertinent part, that:

> . . . no person receiving, assisting in receiving, transmitting, or assisting in
> transmitting, any interstate or foreign communication by wire or radio shall divulge
> or publish the existence, contents, substance, purport, effect, or meaning thereof,
> except through authorized channels of transmission or reception, (1) to any person
> other than the addressee, his agent or attorney. . . .

47 U.S.C. § 605(a).  In short, Plaintiff must demonstrate that Defendants intercepted the Program's

signals and "divulged" or aired it to commercial patrons.

Plaintiff submitted proof, through an affidavit of a private investigator, who viewed the

Program at Guadalajara.  This affidavit provides evidence that the Program was displayed on at least

6 televisions at Guadalajara and provides details of the portion of the Program he watched.  Plaintiff

having established that Defendants violated 47 U.S.C. § 605(a), the court finds and concludes that

judgment should be entered in Plaintiff's favor against Defendants.

C.    Damages under 47 U.S.C. § 605

The available penalties and remedies for violation of 47 U.S.C. § 605(a) include a private

civil action, as follows:

(B) The court--

> (i) may grant temporary and final injunctions on such terms as it may
> deem reasonable to prevent or restrain violations of subsection (a) of
> this section;

(ii) may award damages as described in subparagraph (C); and

(iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

47 U.S.C. § 605(e)(3)(B).  Plaintiff seeks damages, attorneys' fees and costs.

        1.      Statutory Damages under 47 U.S.C. § 605

The statute sets out the following available damages:

(C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses:

> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or

> (II)   the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

> (ii)   In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section. . . .

47 U.S.C. § 605(e)(3)(C).

Plaintiff has elected to recover statutory damages available under 47 U.S.C. § 605(e)(3)(C)(i)(II), rather than actual damages available under 47 U.S.C. § 605(e)(3)(C)(i)(I). As Plaintiff points out, statutory damages are difficult to prove. Because of Defendants' default, Plaintiff has not been able to conduct discovery concerning, among other things, Defendants' profits from the broadcast of the Program. Plaintiff seeks $10,000.00 in statutory damages, which is the maximum available pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and it argues for the maximum recoverable statutory damages to compensate Plaintiff for its damages and for the deterrent effect it may have in minimizing such future conduct.

According to the private investigator's affidavit, Guadalajara has the capacity for approximately 150 people, and there were 93 patrons present during the Program.

According to Plaintiff's Affidavit in Support of Motion for Default Judgment, the licensing fee for Defendants to have legally shown the Program would have been $6,200.00 (rate card showing cost of licensing as $6,200.00 for establishments with capacity from 100 to 200).

The court may award statutory damages between $1,000 to $10,000 in an amount "the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Nationwide, courts have used various methods of determining an appropriate amount of statutory damages. Some courts fashion an award by considering the number of patrons who viewed the programming, often multiplying that number by the cost of the residential fee for watching such programming. Some courts base the statutory damages amount on an iteration of the licensing fee the violating establishment should have paid the plaintiff. Other courts award a flat amount for a violation. The Fourth Circuit has not addressed any of these methods.

The court concludes that statutory damages in the amount of $8,000.00 is a fair reflection of actual damages and should be granted.

2.    Enhancement of Statutory Damages under 47 U.S.C. § 605

Plaintiff claims that Defendants willfully violated 47 U.S.C. § 605(a) for financial gain and seeks enhanced damages of $100,000, asserting that Guadalajara and Rodriguez intentionally intercepted and showed the Program for financial gain or commercial advantage and that Rodriguez directly or indirectly committed wrongful acts and cannot hide behind a corporate shield.  The statute permits the court, in its discretion, to increase damages by up to $100,000 per violation when the violation is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain[.]" 47 U.S.C. § 605(e)(3)(C)(ii).  In addition to Plaintiff's pleadings regarding Defendants' intentional acts, Plaintiff, by the Plaintiff's Affidavit in Support of Plaintiff's Motion for Default Judgment, asserted that the Program could not have been "mistakenly, innocently or accidentally intercepted."

Although the court finds that Defendants' violations were intentional and willful and agrees that more than nominal damages should be awarded to deter future violations, the court does not approve the maximum of statutory enhanced damages, and it concludes that enhanced damages in the amount of  $24,000.00 (in addition to the $8,000.00 award discussed above and the award of attorneys' fees and costs discussed below) should be granted.

Thus, the statutory and enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C) should be awarded in the aggregate amount of $32,000.00 ($24,000.00 plus $8,000.00).

IV.    Attorneys' Fees and Costs under 47 U.S.C. § 605

The Communications Act requires that the court award "full costs, including reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).  As the rightful owner of the Program broadcast rights, Plaintiff is an aggrieved party which has prevailed.

1.    Request for Costs

8

_____Prior to the motion hearing, Plaintiff submitted affidavits of its South Carolina counsel and its California counsel in support of its request for costs. The court grants to Plaintiff costs in the amount of $1,861.15 (filing fee, investigative services and process service costs).

2.        Request for Attorneys' Fees

_____The "full costs" to be awarded to a prevailing party pursuant to 47 U.S.C. § 605(e) includes "reasonable attorneys' fees." In support of its request for attorneys' fees, Plaintiff submitted the Declarations of its South Carolina counsel and its California counsel.

In this default matter, no one has appeared to challenge the attorneys' fees Plaintiff seeks. Nonetheless, in determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee), the court must consider the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awarded in similar cases. *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978). Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Servo News Co.,* 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is

reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  Further, this court's Local Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee."  Local Rule 54.02(A) (D.S.C.).

The information Plaintiff provided, coupled with the court's knowledge of rates in work of this type in this District, supports an attorneys' fee in the amount of $2,610.63.  Based on the information and supporting documents before the court at this time, the court concludes that the judgment against Defendants should include an award of costs and attorneys' fees in the amount of $4,471.78 ($1,861.15 costs plus $2,610.63 attorneys' fees).

WHEREFORE, it is

ORDERED that Defendants be found liable for willful violation of 47 U.S.C. § 605 and that a judgment in favor of Plaintiff be entered against Defendants, jointly and severally, in the amount of $32,000.00 in statutory and enhanced damages plus $4,471.78 in attorney's fees and costs.  Thus, the total judgment is $36,471.78.

IT IS SO ORDERED.

s/Timothy M. Cain
Timothy M. Cain
Judge
United States District Court

Anderson, South Carolina
December 19, 2012

10